UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARTA NUNEZ,[1]                              :
      Plaintiff,                      :
                               :
      v.                              :        CA 05-337 T
                               :
MICHAEL J. ASTRUE,[2]                        :
Commissioner of the                          :
Social Security Administration,              :
      Defendant.                      :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Plaintiff's Motion for Enlargement of Time to Serve Defendant (Document ("Doc.") #6) ("Motion for Enlargement" or "Motion"). Although the Motion was referred to me for determination, because I conclude that it should be denied and that such denial could be considered as the functional equivalent of dismissal, the Motion is addressed by way of this Report and Recommendation. Cf. Lister v. Dep't of Treasury, 408

---

[1] Plaintiff states that she is now known as Marta Cordero. See Plaintiff's Memorandum Regarding Good Cause for Late Service of Process (Document ("Doc.") #9) ("Supplemental Mem.") at 1. To avoid confusion, the Court identifies Plaintiff as her name appears in the Complaint (Doc. #1).

[2] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d)(1), Commissioner Astrue is hereby substituted for Jo Anne B. Barnhart as Defendant in this action. See Fed. R. Civ. P. 25(d)(1) ("When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party ...."); see also 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

F.3d 1309, 1312 (10th Cir. 2005)(explaining that because denial of a motion to proceed in forma pauperis is the functional equivalent of an involuntary dismissal, a magistrate judge should issue a report and recommendation for a final decision by the district court).

### Facts and Travel

Plaintiff Marta Nunez ("Plaintiff") filed her Complaint (Doc. #1) and a Motion to Proceed in Forma Pauperis (Doc. #2) ("Motion to Proceed IFP") on August 5, 2005. See Docket. The Motion to Proceed IFP was granted on August 16, 2005, see Order granting Motion to Proceed IFP (Doc. #3), and docketed on August 17, 2005, see Docket. There was no further action in the case for the next twenty-two months. See id.

On June 6, 2007, Senior District Judge Ernest C. Torres issued an order for Plaintiff to show cause in writing why the case should not be dismissed for lack of prosecution. See Show Cause Order (Doc. #4). The Show Cause Order specifically noted that Plaintiff had failed to serve Defendant within 120 days after the filing of the Complaint and the issuance of summons as required by Fed. R. Civ. P. 4(m).[3] In response, Plaintiff filed the instant Motion to Enlarge on June 15, 2007. See Docket.

The Court conducted a hearing on the Motion on July 19,

---

[3] Fed. R. Civ. P. 4(m) provides:

Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

Fed. R. Civ. P. 4(m).

2007.  At the conclusion of the hearing, the Court requested that
Plaintiff's counsel submit a supplemental memorandum which would
address or respond to the cases which had been cited orally by
counsel for Defendant in opposition to the Motion.[4]  Plaintiff's
supplemental memorandum was filed on July 27, 2007.  See Docket;
see also Plaintiff's Memorandum Regarding Good Cause for Late
Service of Process (Doc. #9) ("Supplemental Mem.").  Thereafter,
the Court took the matter under advisement.

**Discussion**

A court when presented with a motion to extend time for
service pursuant to Fed. R. Civ. P. 4(m) should first determine
whether good cause exists for an extension of time.  Panaras v.
Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir. 1996);
Petrucelli v. Bohringer & Ratzinger, GmbH, 46 F.3d 1298, 1305
(3rd Cir. 1995).  The burden of demonstrating good cause is on
the plaintiff.  Ayer v. United States, 857 F.2d 881, 884-85 (1st
Cir. 1988)(stating that burden of demonstrating requisite good
cause for effecting service beyond the 120-day period rested upon
plaintiff).  "If good cause is present, the district court must
extend time for service and the inquiry is ended.  If, however,
good cause does not exist, the court may in its discretion decide
whether to dismiss the case without prejudice or extend time for
service."  Petrucelli, 46 F.3d at 1305; see also Henderson v.
United States, 517 U.S. 654, 662-63, 116 S.Ct. 1638, 1643
(1996)(noting that the 1993 amendments to the Rules accorded
courts "discretion to enlarge the 120-day period 'even if there

---

[4] The Court, deeming it advisable to give Defendant the
opportunity to be heard before acting on the Motion, had directed that
notice of the hearing be sent to the United States Attorney for the
District of Rhode Island.  See Notice and Order (Doc. #8).  The
Assistant U.S. Attorney who appeared at the hearing, Ly Nguyen,
subsequently entered her appearance on behalf of Defendant.  See
Notice of Entry of Appearance (Doc. #10).

is no good cause shown'")(quoting Fed. R. Civ. P. 4(m) advisory
committee's note (1993)); <u>Horenkamp v. Van Winkle & Co.</u>, 402 F.3d
1129, 1132 (11th Cir. 2005)("[A] majority of the other circuits
that have considered the effect of the 1993 amendment to Rule 4
have held that the 1993 amendment permits a district court to
exercise discretion under Rule 4 to extend the time for service
of process, even where the plaintiff has not shown good cause for
his failure.")(citing cases); <u>Panaras</u>, 94 F.3d at 340-41 (citing
<u>Henderson</u>); <u>Brooks v. Union Pacific R.R.</u>, No. 05 C 4982, 2006
U.S. Dist. LEXIS 76056, at *5 (N.D. Ill. Oct. 2, 2006)("Even when
the plaintiff has not demonstrated good cause, the court may, in
its discretion, either extend the time for service of process or
dismiss the action without prejudice.")(citing <u>Panaras</u>, 94 F.3d
at 340); <u>Eastern Refractories Co. v. Forty Eight Insulations,
Inc.</u>, 187 F.R.D. 503, 506 (S.D.N.Y. 1999)("[A] district court may
'relieve a plaintiff of the consequences of an application of
[Rule 4(m)] even if there is no good cause shown.'")(quoting Fed.
R. Civ. P. 4(m) advisory committee's note (1993))(second
alteration in original).

Plaintiff argues that good cause exists for her late service
of process.  <u>See</u> Supplemental Mem. at 2.[5]  However, the only good
cause which Plaintiff identifies is that her attorney has been
unable to find any evidence that the attorney's office "ever
received either the Order granting Plaintiff's Motion to Proceed
*In Forma Pauperis* (IFP) or the Summonses."  <u>Id.</u>  Relying on this
lack of evidence, Plaintiff posits that "the cause of Plaintiff's

---

[5] Contrary to the Local Rules, the pages of Plaintiff's memoranda
are not numbered.  <u>See</u> Memorandum in Support of Motion for Enlargement
of Time to Serve Defendant ("Plaintiff's Mem."); Supplemental Mem.
The Court has performed this chore in order to cite these documents
with precision.  Plaintiff is reminded that her filings must comply
with the Local Rules.  <u>See</u> DRI LR Cv 5(a)(3) ("Where a document is
more than one page in length, the pages shall be numbered at the
bottom center of each page.").

counsel's failure to receive the IFP Order and the summonses will never be known: it may have been an error on the part of the court staff, the United States Post Office or Plaintiff's counsel's office."  Supplemental Mem. at 2-3.

The suggestion that the court staff may be responsible for the failure of Plaintiff's counsel to receive either the Order granting the Motion to Proceed IFP or the summonses is at least partially rebutted by the Docket which reflects that the Order was forwarded to Plaintiff's counsel by a deputy clerk on August 18, 2005.[6]  See Docket.  While it is possible that the documents could have been lost by the postal service, there is a widely accepted presumption that an item which is properly addressed, stamped, and mailed is received by the addressee in a timely fashion, see Mercado-Garcia v. Ponce Fed. Bank, 979 F.2d 890, 895 n.4 (1st Cir. 1992).  Plaintiff acknowledges the possibility that the documents may have been received by her attorney's office and due to error by that office their receipt was not noted.  See Supplemental Mem. at 2.

Moreover, whether good cause exists here does not turn on why Plaintiff failed to receive them (assuming that such non-receipt in fact occurred).  Almost two years elapsed during which Plaintiff took no action to prosecute this matter.  Even assuming that Plaintiff's counsel did not receive the order and the summonses, the significance of this circumstance (relative to determining good cause) diminished with each passing month.  An attorney cannot simply file an action and forget about it, leaving it to others to prompt her into taking the next

---

[6] It was the practice in 2005 for the Clerk's Office to transmit orders granting motions to proceed in forma pauperis by either facsimile or first class mail.  Summonses, however, were in all instances sent by first class mail.  Plaintiff's belief (allegedly based on information obtained from the Clerk's Office) that it was "standard operating procedure ... to send these documents [including summonses] via facsimile," Plaintiff's Mem. at 2, is erroneous.

procedural step.  See Smith v. Severn, 129 F.3d 419, 425 (7th Cir. 1997)("[T]he rules are intended to force parties and their attorneys to be diligent in prosecuting their causes of action.")(internal quotation marks omitted); Ayer v. United States, 857 F.2d 881, 884 (1st Cir. 1988)("[T]he evident purpose of Rule 4(j)[7] was to compel parties and their counsel to be diligent in prosecuting causes of action.").

Plaintiff acknowledges that the failure to serve Defendant was due to attorney error.[8]  See Plaintiff's Mem. at 3 ("Due to support staff administrative error, Plaintiff's counsel failed to diary this case to ensure the Motion and Summonses were received and served."); see also Supplemental Mem. at 2 ("Certainly, attorney error did occur in that neither the attorney nor her support staff diaried the matter for follow-up.").  An attorney's inadvertent failure to serve process is not "good cause" under Rule 4(m).  Powell v. Starwalt, 866 F.2d 964, 965 (7th Cir. 1989) (applying Rule 4(j), the predecessor to Rule 4(m)); Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir. 1985)("The inadvertence of [plaintiff]'s counsel ... does not qualify as good cause for [plaintiff]'s failure to comply with Rule 4(j)."); Delicata v. Bowen, 116 F.R.D. 564, 566 (S.D.N.Y. 1987)("Attorney inadvertence

---

[7] Fed. R. Civ. 4(j) was the predecessor to Rule 4(m).  See Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1280 (11th Cir. 2007).

[8] Plaintiff's explanation for failing to serve Defendant appears below:

> Due to support staff administrative error, Plaintiff's counsel failed to diary this case to ensure the Motion and Summonses were received and served.  Because Plaintiff's counsel never received the Order approving the Motion to Proceed *In Forma Pauperis* nor the Summonses, and because we failed to diary said matter, we never served the Summonses and Complaint upon Defendant's agents.

Plaintiff's Mem. at 3.

or negligence, however, do[es] not constitute good cause.").
Good cause exists only when some outside factor, such as reliance
on faulty advice, rather than inadvertence or negligence,
prevented service.  Lepone-Dempsey v. Carroll County Comm'rs, 476
F.3d 1277, 1281 (11th Cir. 2007); see also Boudette v. Barnette,
923 F.2d 754, 756 (9th Cir. 1990)("At a minimum, 'good cause'
means excusable neglect.").

     Applying this law, I find that Plaintiff has not meet her
burden of demonstrating good cause.  Specifically, I find the
fact that counsel's office staff failed to diary the case for
follow-up, which oversight went unnoticed in part because
counsel's office did not receive the order granting the Motion to
Proceed IFP and the summonses (accepting Plaintiff's claim
regarding their non-receipt), does not constitute good cause
under Rule 4(m).  Any reasonable review of this case should have
revealed the lack of an answer or other responsive pleading from
the Commissioner.  In turn, this should have alerted Plaintiff's
attorney to the possibility that the Commissioner had never been
served.

     Having determined that Plaintiff has not shown good cause
for failing to effect timely service, the Court now considers
whether Plaintiff should be granted discretionary relief pursuant
to Rule 4(m).  "Generally, when courts consider granting an
extension of time notwithstanding a lack of good cause, they are
considering motions made by plaintiffs prior to the expiration of
the 120-day period."  Eastern Refractories Co. v. Forty Eight
Insulations, Inc., 187 F.R.D. 503, 506 (S.D.N.Y. 1999).  That is
not the case here.  Plaintiff's Motion to Enlarge was not filed
until June 15, 2007, more than eighteen months after expiration
of the 120-day period.  To the extent that the length of delay
after the expiration of the 120-day period is relevant to the
Court's decision whether to exercise its discretion, the length

of the delay here weighs against the exercise of discretion.

Among the other factors which courts have frequently considered relative to exercising discretion under Rule 4(m) are: 1) whether the statute of limitations would bar the refiling of the action; 2) whether the defendant had actual notice of the claims asserted in the complaint; 3) whether the defendant evaded service or concealed a defect in attempted service; and 4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.  See In re Dyer, 330 B.R. 271, 278 (M.D. Fla. 2005); Eastern Refractories Co., 187 F.R.D. at 506; see also Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005).  Additional factors which some courts have considered include whether the plaintiff's complaint is frivolous, Bey v. Daimler Chrysler Servs. of N. America, LLC, Civil No. 04-6186 (RBK), 2006 U.S. Dist. LEXIS 32879, at *29 (D.N.J. May 15, 2006); Ritter v. Cooper, No. Civ.A. 02-1435 GMS, 2003 WL 23112306, at *3 (D. Del. Dec. 30, 2003); E.I. Du Pont De Nemours v. New Press, Inc., No. CIV. A. 97-6267, 1998 WL 355522, at *4 (E.D. Pa. June 29, 1998), the need in particular circumstances to advance considerations of compensation and deterrence, id., whether service was required to be made on multiple defendants, Sene v. MBNA America, Inc., 2005 WL 2304181, at *3 n.1 (D. Del. Sept. 20, 2005); cf. Espinoza v. United States, 52 F.3d 838, 842 (10th Cir. 1995)("[W]e believe that this amendment clearly evinces a solicitous attitude towards plaintiffs faced with 'the complex requirements of multiple service' under Rule 4(i)."), and the diligence with which the plaintiff attempted to effectuate timely service, see Bell v. City of Chicago, No. 03 C 2117, 2004 U.S. Dist. LEXIS, at *6-7 (N.D. Ill. Dec. 20, 2004)(declining to exercise discretion because, inter alia, plaintiff had not demonstrated even basic efforts to comply with rule); cf. McIsaac v. Ford, 193 F.Supp.2d

at 384 (stating that in deciding whether to exercise discretion the existence or nonexistence of good cause is not to be ignored).[9]

Taking these factors in order, it is clear that the statute of limitations would bar the refiling of the instant action. See 42 U.S.C. § 405(g) (requiring individual seeking review of a final decision of the Commissioner of Social Security to commence a civil action within sixty days after the mailing of notice of such decision or within such further time as the Commissioner of Social Security may allow); see also Supplemental Mem. at 6 ("[I]t is undisputed that inflexible application of Rule 4(j) would forever bar Plaintiff from ever obtaining relief."). Thus, this factor favors the exercise of discretion.

Defendant did not have actual notice of the claim asserted in the Complaint, see Tape of 7/19/07 Hearing (statement by Assistant U.S. Attorney Ly Nguyen), and clearly Defendant did not attempt to avoid service. Plaintiff does not appear to contend otherwise. These factors weigh against the exercise of discretion. Cf. United States v. McLaughlin, 470 F.3d 698, 701 (7th Cir. 2006)(affirming district court's exercise of discretion in extending time for service where complaint was not served until 271 days after it had been filed but defendant had received a copy with the 120-day period).

Plaintiff asserts that Defendant's prejudice is de minimus. See Supplemental Mem. at 6-7 ("Defendant is only harmed in that the Commissioner must find Plaintiff's file."). However, this ignores the fact that if the Motion is granted Defendant will be required to litigate what can only be described as a stale claim

---

[9] The Ninth Circuit has found it "unnecessary ... to articulate a specific test that a court must apply in exercising its discretion under Rule 4(m)," In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001), noting "only that, under terms of the rule, the court's discretion is broad," id.

for benefits.  See Complaint ¶¶ 9, 11 (seeking judicial review of
administrative law judge's September 28, 2004, decision, denying
Plaintiff's application for disability benefits filed on or about
March 14, 2002).  This would be at odds with the congressional
intent that stale eligibility claims be precluded.  See Califano
v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980, 986 (1977)(noting
"the congressional purpose, plainly evidenced in § [405(g)], to
impose a 60-day limitation upon judicial review of the
Secretary's final decision on the initial claim for benefits");
id. ("Congress' determination so to limit judicial review ... is
a policy choice obviously intended to forestall repetitive or
belated litigation of stale eligibility claims.");  Byam v.
Barnhart, 336 F.3d 172, 179-80 (2nd Cir. 2003)(quoting Califano).
Given that Defendant had no notice of Plaintiff's claim until the
Notice and Order,[10] the effect of granting the Motion from
Defendant's perspective is not appreciably different from the
effect of equitably tolling the sixty day limitation period.
Thus, I find that Defendant would be prejudiced by having to
litigate a claim he had every reason to believe was no longer
being pursued by Plaintiff.

     The present record contains insufficient information to
allow the Court to make a determination as to whether Plaintiff's
Complaint is frivolous.  Accordingly, this factor neither favors
nor disfavors the exercise of discretion.

     As for considerations of compensation and deterrence, it is
true, as Plaintiff argues, that denying the Motion will mean that
Plaintiff will "be *forever* barred from litigating her Social
Security disability claim and having her 'day in court.'"

---

[10] Although the Motion bears a certification that a copy was
transmitted electronically to the U.S. Attorney's Office on June 15,
2007, counsel from that office stated at the July 19, 2007, hearing
that it had not been received.  See Tape of 7/19/07 Hearing.

Supplemental Mem. at 7.  Somewhat ameliorating the harshness of
this result is the fact that Plaintiff filed another application
for benefits shortly after her claim was denied and was
subsequently awarded benefits back to September 25, 2004, the day
after the decision of the ALJ which is the subject of the instant
action.  See id. at 1-2; see also Tape of 7/19/07 Hearing.  On
the other side of the ledger, the large amount of time at issue
in this case weighs heavily against the exercise of discretion.
If the Court granted this Motion, it would be difficult to
justify denying similar motions in cases where the delay was less
than the twenty-two months present here.

To the extent that the requirements for service as stated in
Fed. R. Civ. P. 4(i) are more complex than those for serving a
defendant other than the United States or its agencies, see
Espinoza v. United States, 52 F.3d 838, 842 (10th Cir. 1995),
this factor does not favor the exercise of discretion because
here Plaintiff did not satisfy even one of those requirements.

Lastly, it is undisputed that Plaintiff made no attempt to
effectuate timely service.  Accordingly, this factor also weighs
against the exercise of discretion.

In summary, two factors favor the exercise of discretion.
In order of importance, as assessed by the Court, they are that
the statute of limitations would bar the refiling of this action
and that Plaintiff is seeking compensation in the form of social
security disability benefits.  Five factors weigh against the
exercise of discretion.  They are, again in order of importance
as assessed by the Court: 1) that granting the enlargement will
have a detrimental effect relative to deterrence because the
delay in this case is so great (twenty-two months); 2) that
Defendant did not have actual notice of Plaintiff's claim;
3) that Plaintiff was not diligent in attempting service and was
only prompted into action by the Court's Show Cause Order;

11

4) that Defendant will be required to litigate a stale claim and
this is contrary to the congressional intent as reflected in the
sixty day statute of limitations for judicial review of decisions
denying social security benefits; and 5) that Defendant did not
attempt to evade service.  The factor based on whether
Plaintiff's Complaint is frivolous cannot be assessed on the
present record and, therefore, neither favors nor disfavors the
exercise of discretion.

After considering the above factors, the Court concludes
that it should not exercise discretion.  As explained above, the
length of the delay and the circumstances surrounding it
virtually compel this result.  Were the Court to exercise
discretion in this case, it would be hard put to justify refusing
to do so in other cases when the delay is less than twenty-two
months.

### Conclusion

For the reasons stated above, I recommend that the Motion to
Enlarge be denied.  Any objections to this Report and
Recommendation must be specific and must be filed with the Clerk
of Court within ten (10) days[11] of its receipt.  See Fed. R. Civ.
P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections
in a timely manner constitutes waiver of the right to review by
the district court and of the right to appeal the district
court's decision.  See United States v. Valencia-Copete, 792 F.2d
4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co.,
616 F.2d 603, 605 (1st Cir. 1980).

---

[11] The ten days do not include intermediate Saturdays, Sundays,
and legal holidays.  See Fed. R. Civ. P. 6(a).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 15, 2007